CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 22 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MONTY E. WRIGHT, | ) | CASE NO. 7:13CV00344 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| WILLIAM W. MUSE, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Monty E. Wright, also known as Monty E. Hamlor, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, raising a due process challenge to Virginia Code § 153-136(2), the statutory section that grants the Virginia Parole Board discretion to determine whether a parole-eligible inmate is suitable for parole release. As relief, Wright seeks injunctive and declaratory relief requiring the Board to disclose to him its "general rules" and its definition of "suitable" for parole, as these terms are used in § 153-136(2). Upon review of the record, the court finds that the action must be summarily dismissed.

I

Wright is an inmate at Green Rock Correctional Center in Chatham, Virginia. Wright pleaded guilty in the Circuit Court of the City of Norfolk to charges of robbery, possession of a firearm in the commission of a felony, malicious wounding, and two counts of burglary, and was sentenced in 1984 to life plus 40 years in prison. He has served more than 29 years. Wright became eligible for parole in October 1996. The Board has reviewed him 17 times for possible parole. After Wright's review on October 2, 2012, he received notice that the Board had denied him parole "based primarily on the following reasons: prior failure(s) and/or convictions while under community supervision, therefore unlikely to comply with conditions of release,"

"[s]erious nature and circumstances of offense," and "[r]isk to the community." (ECF No. 1-3, at 4.) Wright's appeal to the Board and his subsequent state habeas corpus proceedings were unsuccessful.[1]

In his § 1983 complaint, Wright sues the Board's chairman in his official capacity, asserting that § 53.1-136(2) violates federal constitutional principles of due process and equal protection. Under § 53.1-136(1) and (2)(a) of the Virginia Code, the Board shall grant discretionary parole release to a parole-eligible inmate upon determining, under its publicly posted "general rules," that the inmate is "suitable" for release. Specifically, Wright complains that the Board's failure to provide him with a copy of its "general rules" for determining suitability for parole violates § 53.1-136(1). Wright argues that the statute's failure to advise prisoners of any particular actions they may take to qualify as "suitable" for release renders the law constitutionally defective because: (1) it makes discretionary parole decisions arbitrary and (2) it allows similarly situated inmates to be treated differently without any rational basis. Finally, he lists other inmates with serious offenses and multiple life sentences who were found suitable for parole after serving less time than he has served.

As relief in this action, Wright seeks a declaratory judgment, stating that the Board's current manner of determining parole suitability, or unsuitability, violates his constitutional rights and injunctive relief directing the Board to provide him with general rules for parole suitability. Wright is not seeking immediate release.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious,

---

[1] Wright then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was dismissed without prejudice, as the court found no basis for habeas relief. See Hamlor v. Clarke, 7:12CV00397 (W.D. Va. 2012).

2

or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff purporting to state a claim under § 1983 must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court's review under § 1915A(b)(1) for frivolousness allows dismissal of a claim "based on an indisputably meritless legal theory" or on "factual contentions [that] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (applying prior version of § 1915(d), authorizing courts to dismiss frivolous claims filed in forma pauperis).

First, the court finds no factual basis for Wright's claim that the Board does not make public the criteria it applies in determining an inmate's suitability for parole. The Board repealed its prior "general rules" in 1998, as reflected in the Virginia Administrative Code. Since then, however, the Board has set out its criteria for parole suitability in its publicly distributed "Policy Manual." See Burnette v. Fahey, 687 F.3d 171, 176 (4th Cir. 2012). This Manual outlines fourteen factors for Board members to investigate and consider in deciding an inmate's suitability for discretionary parole release.[2] As Wright's own exhibits indicate, the Board's lengthy policy manual is posted on its public website, and inmates may review it with their prison counselors. The fact that the Board may not have complied with Wright's request for a

---

[2] The fourteen factors Board members must consider, according to the Policy Manual, are: (1) compatibility of release, (2) basis for release, (3) effect on institutional discipline, (4) sentence data, (5) present offense, (6) prior criminal record, (7) personal and social history, (8) institutional experience, (9) changes in motivation and behavior, (10) release plans, (11) community resources, (12) results in scientific data, (13) impressions gained when an interview is conducted, and (14) information from lawyers, family members, victims, and other persons.

3

hard copy of this lengthy manual does not offer any measure of proof that the Board does not have and follow its delineated policies in considering parole-eligible candidates for release suitability. Moreover, the November 26, 2012, letter advising Wright of the Board's decision to deny parole specifically relied on several of the decision factors from the Manual.

Second, the court finds that Wright's due process claim has no legal basis. Federal courts have considered and rejected due process claims remarkably similar to Wright's current complaints about parole suitability under Virginia law. See, e.g., Burnette v. Fahey, 687 F.3d 171 (4th Cir. 2012); Bragg v. Clarke, No. 2:12-cv-161, 2013 WL 3087263 (E.D. Va. June 17, 2013) (slip copy). Under Virginia's discretionary parole scheme, a parole-eligible inmate has a protectable liberty interest in being considered for parole at a specified time, but such an inmate receives constitutionally adequate procedural protection if the Board provides him "a statement of its reasons for denial of parole." Id. at 182 (quoting Franklin v Shields, 569 F.2d 784, 801 (4th Cir. 1978) (en banc)).

The Board has consistently considered Wright for discretionary parole since he became eligible and has provided him with its statement of reasons for denial. The mere fact that the Board has repeatedly cited the seriousness of his offenses, as a basis for not finding him suitable for release, does not prove that Board members arbitrarily denied him parole without consideration of the other factors listed in the Policy Manual. Id. at 183. "In the absence of facts to the contrary, [a reviewing court] cannot presume that the Board has failed to conform to constitutional requirements and its statutory mandate." Id. (citing Garner v. Jones, 529 U.S. 244, 256 (2000)).

Essentially, Wright is claiming that § 53-136(2) is so vaguely worded that it must be voided for failing to notify him of suitability criteria. This aspect of his claim has no legal basis.

Due process principles dictate "that an enactment is void for vagueness if its <u>prohibitions</u> are not clearly defined." Bragg, 2013 WL 3087263 at *7 (quoting City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289-00 (1982) (emphasis added)). Accordingly, only "statutes or regulations that purport to define the lawfulness of conduct or speech" may be challenged under "the void-for-vagueness doctrine." Id. (quoting Nyeholt v. Sec'y of Veterans Affairs, 298 F .3d 1350, 1357 (Fed. Cir. 2002)).

Section 53.1-136(2)(a) does not define the lawfulness of speech or conduct. This section and its companion statute, Virginia Code § 53.1-155(a),[3] prescribe the process the Board must follow and the criteria it must use in determining parole suitability. Thus, Wright has no viable claim that § 53.136(2) is void because of its alleged vagueness in defining parole suitability factors. Bragg, 2013 WL 3087263 at *7 (citing other cases rejecting challenges to specificity of parole suitability statutes). "The Constitution simply does not speak to the generality or specificity of the standards for parole eligibility adopted by a state." Vann v. Angelone, 73 F.3d 519, 523 (1996) (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7-8 (1979)). For the reasons stated, the court must summarily dismiss Wright's due process claims, pursuant to § 1915A(b)(1), as legally and factually frivolous.

Finally, Wright's equal protection claim, alleging that he has been treated differently than other parole-suitable inmates with serious offenses and long sentences, has no factual basis. Different treatment has constitutional significance only where applied to "similarly situated"

---

[3] Section§ 53.1-155(a) of the Virginia Code provides:

No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition and character and his conduct, employment and attitude while in prison. The Board shall also determine that his release on parole will not be incompatible with the interest of society or of the prisoner.

individuals as a "result of purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir.2001). Wright fails to allege facts supporting either facet of this measure. He fails to demonstrate any basis for a finding that the Board has purposefully discriminated against him or that he is similarly situated in all significant respects to the other inmates he mentions.[4] Therefore, the court will summarily dismiss his equal protection claim under § 1915A(b)(1) as legally frivolous.

For the reasons stated, the court dismisses Wright's complaint without prejudice, pursuant to § 1915A(b)(1), as legally and factually frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 22nd day of October, 2013.

/s/ James C. Turk
Senior United States District Judge

---

[4] See Bragg, 2013 WL 3087263 at *8 ("It is reasonable for the Board to treat a violent offender, such as Bragg, differently from non-violent offenders and even other violent offenders because "given the different conditions and the myriad of factors involved in deciding parole, it is difficult to believe that any two prisoners could ever be considered similarly situated for the purpose of judicial review of an equal protection claim.") (internal quotation marks and citations omitted).